In The United States District Court
For The Southern District Of Illinois

Blake Wilson # M49014

(Plaintiff)

v.

Warden Wills; Lt. Royster; C/o Lewey;
Sgt. Murphy; C/o A. Smith; C/o J. Smith; C/o Rob;
C/o Bennett; Lt. Schoebeck; Sgt. Leposky;
C/o Lightfoot; C/o John Doe; Tact Team John Does

COMPLAINT      23-4066-SPM

Civil Action No. ___

SCANNED at MENARD and E-mailed
12-29-23 by JC   10 pages
Date      initials   No.

## I. JURISDICTION & VENUE

1. This is a civil action authorized by 48 U.S.C section 1983 to redress the deprivation, under color of state law, of rights secured by the Constitution of the United States. The court has jurisdiction under 28 U.S.C Section 1331 and 1343 (a)(3). Plaintiff seeks declaratory relief pursuant to 28 U.S.C Section 2201 and 2202. Plaintiff's claims for injunctive relief are authorized by 28 U.S.C Section 2283 & 2284 and Rule 65 of the Federal Rules of Civil Procedure.

2. The United States District Court for the Southern District Of Illinois is an appropriate venue under 28 U.S.C Section 1391(b)(2) because it is where the events giving rise to this claim occurred.

## II. PLAINTIFF

3. Plaintiff, Blake Wilson, is and was at all times mentioned herein a prisoner of the state of Illinois in the custody of the Illinois Department of Corrections. He is currently confined in Menard C.C in Menard, Illinois.

## III. DEFENDANTS

4. Defendant, Warden Wills is the Warden of Menard C.C. He is legally responsible for the operation of Menard C.C and for the welfare of all the inmates in that prison.

5. Defendants; Royster, Lewey, Murphy, A. Smith, J. Smith, Rob, Bennett, Schoebeck, Leposky, Lightfoot, John Doe, John Doe, John Doe, John Doe, John Doe are all correctional officers of the Illinois Department of Corrections who, at all times mentioned in this complaint, held the ranks mentioned on the title page of this complaint and was assigned to Menard C.C.

6. Each defendant is being sued individually and in his official capacity. At all times mentioned in this complaint each defendant acted under the color of state law.

## IV. FACTS

7. Previous Lawsuits: Blake Wilson v. Doctor Sainani; United States District Court Illinois Southern District 750 Missouri Ave E.StL, IL 62201; 23-2337-SMY; Judge Yandle; Civil Rights Action; pending; amended complaint filed 7/19/23.

8. Reasons I came to segregation: On 6/13/23 there was a maylay that insued in Menard C.C's East Housing Unit. Various cells were throwing urine, feces, and burning clothing for a issue pertaining to the entire housing units water being cut off. The tact team MISTAKENLY approached my cell for the said belief me and my cellmate Armando Chavez #M38935 was starting fires (a ARSON we was neither charged because of it's falsified nature) we where mased after (2) direct orders for questioning/reasoning w/ these officers (another falsified element of the DR's from this day) Then I was severally/excessively beaten while facedown and handcuffed on the ground (and ALL my injuries suffered this day were on my left side as evidence of this fact) I was kneed/kicked in the face leaving the scars on the left side of my nose/eye and the AC in my left shoulder was torn/hyperextended. Then C/O Lewey falsified the reason he fractured his hand stating "I struck him w/a property box" but did not press charges so that I could prove in Randolph County Courthouse that he suffered a boxers fracture from punching me. This falsified statement plus the above falsified made by Lt. Royster in there seperate DR's got me 1 year and 28 days of segregation even though I showed adjustment committee chairmen Lt. Schoebeck because I'm not SMI (another falsified element) c/o Lewey's assault DR was invalid and should've been thrown

9. Treatment while in segregation: Saturday 9/16/23 I was pulled out my cell by c/o Rob and c/o John Doe after splashing a rival gang member with spoiled milk that back splashed on shower escort A. Smith. My gallery officer Rob and c/o John Doe led me from 8 gallery to a bullpen OFF CAMERA on 5 gallery where the remaining officers working that night was in the breakroom. These officers then called over the nurse working that night Jane Doe and told me to tell her I was fine before I was beaten. I was choked, slammed, punched/kneed in the torso, and hit on the back with a clipboard multiple times. Then I was yanked off the ground by my hair pulling out some of my dreads causing me to cut them ALL. This beaten was done by c/o Bennett, c/o Lightfoot, c/o Rob, c/o John Doe, and Sgt. Leposky then Lt. John Doe falsified a mental health form to put me in watch cell 5-04 where I was tortured until 9/30/23 (14) days straight without toilet and sink water for a number of days, a mattress for a number of days, and food for a number of days (EMPTY trays were placed in my chuck for the cameras sake) I was harassed by c/o Lewey the seg call pass escort and a accompanying officer going to and from the adjustment committee 9/20/23. Since 9/16/23 every time shower escort A. Smith works he doesn't allow me to shower and he harasses me causing me to file a emergency order of protection 10/18/23. C/o Bennett the 2 gallery 5 day the gallery I've been on since 9/30/23 in cell 2-44 scars ALL staff asaulters on incoming mail ONLY giving us institutional mail in which we receive personal mail late constantly on his off days post dated days, weeks, and months late, and finally 11/13/23 C/o J. Smith relative to c/o A. Smith retailiated against me giving me a breakfast tray outside my Kosher diet that had a mucus like substance in it's oatmeal causing me to file this lawsuit because my Emergency order of protection was not acknowledged to not only get compensated for the numerous 8th and 14th amendment violations that took place to put me in seg and continue while I'm in seg as well as the falsified nature incorporated herein, but to also get me transfered out of this facility IMMEDIATELY because I'm unsafe under these c/o's supervision (there are also grievances and affidavits about the above.

## V. EXHAUSTION OF LEGAL REMEDIES

10. Plaintiff Blake Wilson used the prisoner grievance procedure available at Menard C.C to try and solve the problem. On 6/22/23 plaintiff Blake Wilson presented some of the facts in this complaint. Plaintiff Blake Wilson did not grieve about what occurred 9/16/23 for fear of retailiation but instead filed a Emergency Order Of Protection in the Randolph County Courthouse 10/18/23 after his second excessive force beating. On 11/20/23 plaintiff Blake Wilson presented the remainder of the facts in this complaint after being retailiated against by the relative of the correctional officer I have a staff assault on. Plaintiff Blake Wilson instead wrote a affidavit about what occurred 9/16/23.

## VI. LEGAL CLAIMS

11. Plaintiff realleges and incorporates by reference of paragraphs 1-10.

12. The excessive force beatings and the treatment of the plaintiff while housed in segregation violated plaintiff Blake Wilson's rights and constituted to cruel and unusual punishment and a equal protection of the law violation under the Eight and Fourteenth Amendment to the United States Constitution. Also the C grade phone restrictions and video/inperson visit restrictions cause pain and suffering.

13. The plaintiff has no plain, adequate, or complete remedy at law to redress the wrongs described herein. Plaintiff has been and will continue to be irreparably injured by the conduct of the defendants unless this court grants the declaratory and injunctive relief which plaintiff seeks.

## VII. PRAYER FOR RELIEF

WHEREFORE, plaintiff respectfully prays that this court enter judgment granting plaintiff:

14. A declaration that the acts and omissions described herein violated plaintiff's rights under the Constitution and laws of the United States.

15. Compensatory damages in the amount of $5 million against each defendant, jointly and severally, as well as the implementation of "body cameras" in ALL IDOC facilities to reduce such claims.

16. Punitive damages in the amount of $5 million against each defendant.

17. A jury trial on all issues triable by jury and the considerance of a "Motion to Relate" to stop these violations.

18. Plaintiff's costs in this suit.

19. Any additional relief this court deems just, proper, and equitable; and

20. A preliminary and permanent injunction ordering defendant warden Wills to administer my transfer from Menard C.C. into Statesville C.C.'s custody.

Dated: 12/25/23

Respectfully submitted,

Blake Wilson #M49014

711 E. Kaskaskia street P.O Box #1000

Menard, IL 62259

## VIII. VERIFICATION

I have read the foregoing complaint and hereby verify that the matters alleged therein are true, except as to matters alleged on information and belief, and, as to those, I believe them to be true. I certify under penalty of perjury that the foregoing is true and correct.

Executed at Menard, Illinois on 12/25/23

/s/ Blake

Blake Wilson #M49014



12-29-23

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS
prisoner.esl@ilsd.uscourts.gov

ELECTRONIC FILING COVER SHEET

Please complete this form and include it when submitting any type of document, letter, pleading, etc. to the U.S. District Court for the Southern District of Illinois for review and filing.

Name: Wilson, Blake
ID Number: M49014

Please answer questions as thoroughly as possible and circle yes or no where indicated.

1. Is this a new civil rights complaint or habeas corpus petition?    **Yes** or No

   If this is a habeas case, please circle the related statute:    28 U.S.C. 2241 or 28 U.S.C. 2254

2. Is this an Amended Complaint or an Amended Habeas Petition?    Yes or **No**

   If yes, please list case number: N/A

   If yes, but you do not know the case number mark here: _____

3. Should this document be filed in a pending case?    Yes or **No**

   If yes, please list case number: N/A

   If yes, but you do not know the case number mark here: _____

4. Please list the total number of pages being transmitted:    10

5. If multiple documents, please identify each document and the number of pages for each document. For example: Motion to Proceed In Forma Pauperis, 6 pages; Complaint, 28 pages.

| Name of Document | Number of Pages |
|---|---|
| Complaint | 5 |
| Application To Proceed Without Costs | 2 |
| Certificate of Institutional Funds | 1 |
| Inmate Transaction Statement | 2 |

Please note that discovery requests and responses are NOT to be filed, and should be forwarded to the attorney(s) of record. Discovery materials sent to the Court will be returned unfiled.