## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **BLAKE WILSON,**<br>**#M49014,** | |
| **Plaintiff,** | **Case No. 23-cv-04066-SPM** |
| **v.** | |
| **WARDEN WILLS, *et al*.,** | |
| **Defendants.** | |

## MEMORANDUM AND ORDER

**MCGLYNN, District Judge:**

This matter is before the Court on a Motion for Leave to File an Amended Complaint, a Motion for a Temporary Restraining Order and/or Preliminary Injunction, and Motion for Recruitment of Counsel filed by Plaintiff Blake Willson. (Doc. 13, 20, 21, 22). For the following reasons, the motions are denied.

### I.       Motion to Amend

Plaintiff has filed a Motion for Leave to File an Amended Complaint, along with a proposed amended complaint. (Doc. 13). Plaintiff states that the purpose of the amended complaint is to identify John Doe 1 as Correctional Officer Effenger and to correct the identity of Correctional Officer Bennett to Correctional Officer Bent. Plaintiff states that the proposed amended complaint modifies all paragraphs that previously referred to these defendants and the paragraphs that referred to individuals dismissed in the Merit Review Order.

Pursuant to Federal Rule of Civil Procedure 15(a), courts "should freely give leave [to amend] when justice so requires." Under Rule 15(a), "district courts have broad discretion to deny leave to amend where there is undue delay, bad faith, dilatory motive, repeated failure to cure

deficiencies, undue prejudice to defendants, or where the amendment would be futile." *Mulvania v. Sheriff of Rock Island Cnty.*, 850 F.3d 849, 855 (7th Cir. 2017) (quoting *Arreola v. Godinez*, 546 F.3d 788, 796 (7th Cir. 2008)).

Here, the Court finds that allowing Plaintiff to amend would be futile, and the proposed amended complaint is not in compliance with local rules. Contrary to Plaintiff's description of his intention for amending the Complaint, the proposed amended complaint modifies more than the names of the parties. The factual allegations in the Complaint and the proposed amended complaint also differ. While in most instances, Plaintiff appears to be adding more details, he has removed facts supporting his claim against John Doe 2. In the proposed amended complaint, Plaintiff simply states, "Lt. John Doe 2 came and falsified a mental health form before I was uncuffed and dragged on 5 gallery to watch cell 5-105." (Doc. 13-1, p. 4). This sparse allegation is not sufficient to state a claim against John Doe 2 for a constitutional deprivation and differs from the Complaint in which Plaintiff alleges that John Doe 2 intentionally falsified a mental health form so that Plaintiff would be placed in poor conditions where he would be tortured. (*See* Doc. 1, p. 3). If the Court were to accept the proposed amended complaint, then Plaintiff's existing claim against John Doe 2 would be dismissed. The Court assumes that this is not Plaintiff's intention.

Furthermore, the proposed amended complaint does not comply with the formatting requirements of Local Rule 15.1, which provides that "[a]ll new material in an amended pleading must be underlined." SDIL-LR 15.1.

For these reasons, the Motion for Leave to File an Amended Complaint is **GRANTED in part and DENIED in part.** The Court will allow Plaintiff to amend via interlineation the names of Defendants John Doe 1 and Bennett in the Complaint. Correctional Officer Effenger is **SUBSTITUTED** for John Doe 1, and Correctional Officer Bent is **SUBSTITUTED** for Correctional Officer Bennett. The Clerk **SHALL** terminate John Doe 1 and Bennett as defendants

in this case and **SHALL** serve Effenger and Bent in accordance with the Merit Review Order at Doc. 8. The Complaint at Doc. 1 remains the operative complaint.

## II.     Motion for a Temporary Restraining Order and/or a Preliminary Injunction

Plaintiff has filed a motion for a temporary restraining order and/or a preliminary injunction. (Doc. 20, 22). Plaintiff states that he is currently being housed in North 2 where Defendants and their family members are assigned to work. Defendants continue to be responsible for Plaintiff's daily needs and activities such as feeding him, escorting him to showers, passing out his mail, and issuing his call passes. Plaintiff states that these recurrent interactions provide ample opportunity for his constitutional rights to be again violated. He argues that only an emergency injunction can protect him from the correctional officers in his housing unit and that without an order from the Court he will most likely experience "some form of immediate and irreparable injury, loss, or damage like [he] experienced before." (Doc. 13-1, p. 12). Specifically, Plaintiff states that Defendant Bent could again delay his mail causing him to miss a deadline in this litigation. Plaintiff seeks a temporary restraining order (TRO) or a preliminary injunction enjoining Defendants from working in Plaintiff's housing unit at Menard Correctional Center or in the alternative, transferring Plaintiff to another correctional facility. (*See Id.* at p. 10).

In order to obtain emergency injunctive relief, whether through a TRO or a preliminary injunction, a plaintiff must show that:

> (1) his underlying claim has some likelihood of success on the merits, (2) no adequate remedy at law exists, and (3) he will suffer irreparable harm without the injunction.

*Meritte v. Kessel*, 561 F. App'x 546, 548 (7th Cir. 2014). All three requirements must be satisfied before the Court can consider whether preliminary injunctive relief is warranted. Here, Plaintiff has failed to demonstrate that he will likely suffer irreparable harm without the issuance of emergency injunctive relief, and so, his motion must be denied.

In the Complaint, Plaintiff alleges that he was subjected to excessive force on June 13, 2023, and again on September 16, 2023, and placed in unconstitutional conditions and harassed by Defendants in September and November 2023. While Plaintiff is fearful that his constitutional rights will again be violated by Defendants, irreparable harm requires "more than a mere possibility of harm." *Orr v. Shicker,* 953 F. 3d 490, 502 (7th Cir. 2020) (internal citation omitted). As the Seventh Circuit has stated, "[i]ssuing a preliminary injunction based only on a possibility of irreparable harm is inconsistent with our characterization of injunctive relief as an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Id. See also Mich. v. U.S. Army Corps of Eng'r,* 667 F. 3d 765, 788 (7th Cir. 2011) ("there must be more than a mere possibility that the harm will come to pass"). Other than speculation, Plaintiff has not presented any evidence that Defendants will again (1) use excessive force against him; (2) deny him constitutional conditions of confinement; (3) contaminate his meal; and (4) tamper with his mail. Because Plaintiff has not made a clear showing that Court intervention is required to prevent irreparable harm, the Motion for a TRO and/or Preliminary Injunction is **DENIED.**

### III.     Motion for Recruitment of Counsel

Plaintiff has filed a motion asking the Court to recruit counsel on his behalf. Pursuant to 28 U.S.C. § 1915(e)(1), the Court "may request an attorney to represent any person unable to afford counsel." When faced with a motion for recruitment of counsel the Court applies a two-part test: "(1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself?" *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007).

As to the first question, Plaintiff has made reasonable efforts to obtain counsel on his own and has included with his motion letters from four firms declining representation. As to the second question, Plaintiff states that counsel is needed to represent him in this matter because his

Page 4 of 5

imprisonment greatly limits his ability to litigate, the issues in this case are complex and will require significant research and investigation, he is housed in segregation until October 11, 2024, and has limited access to the law library, he has limited knowledge of the law, and the trial in this case will likely involve conflicting testimony. Despite these hindrances, the Court finds that Plaintiff is capable or proceeding pro se, at this early stage in the case. Plaintiff's filings indicate that he can read and write effectively and communicate with the Court. Defendants are still being served and no legal research or extensive legal knowledge is needed at this time. The Motion for Recruitment of Counsel is **DENIED.** Once discovery has commenced, if Plaintiff has significant difficulty, he may refile his motion.

**IT IS SO ORDERED.**

**DATED:   July 17, 2024**

 *s/Stephen P. McGlynn*
**STEPHEN P. MCGLYNN**
**United States District Judge**